UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kelvin Andre Spotts, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:17-cv-00305 |
| | ) | Assigned To : Unassigned |
| v. | ) | Assign. Date : 2/17/2017 |
| | ) | Description: Pro Se Gen. Civil (F Deck) |
| Attorney General Loretta Lynch *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff sues former U.S. Attorney General Loretta Lynch in her official and personal capacity and unknown staff members of the Office of Professional Responsibility ("OPR"). He seeks monetary damages and dismissal of his criminal indictment. In February 1999, plaintiff was convicted in the Southern District of West Virginia following his plea of guilty to conspiracy to distribute cocaine base; using and carrying a firearm in relation to a drug trafficking crime; and conspiracy to commit money laundering. Plaintiff is serving a life sentence. *See United States v. Spotts*, 203 F.3d 824 (4th Cir. 2000); *Spotts v. United States*, No. 3:06-0109, 2006 WL 1455705, at *1 (S.D.W.Va. May 24, 2006). This civil action is yet another of plaintiff's attempts to challenge his conviction and sentence, which he has done mostly through habeas petitions under 28 U.S.C. § 2255 or § 2241. *See Spotts v. Ebbert*, No. 3:12-cv-913, 2012 WL 3536990, at *1 (M.D. Pa. May 17, 2012) (noting that "the litigation history of this

1

serial filer is thoroughly detailed in numerous prior appellate decisions addressing Spotts' tireless, but repetitive and procedurally inappropriate challenges to his conviction and sentence") (listing cases).

The instant complaint is based purportedly on an alleged investigation and conviction between 1998 and 2000 of a former forensic chemist whom plaintiff alleges had filed a "false lab result" in his criminal case. Compl. at 5. Plaintiff alleges that after the chemist was convicted, former United States Attorney Rebecca Betts, who apparently prosecuted the chemist, "failed to provide any resolution to defendants [whose] cases were tainted by false lab result[s] filed and conducted by" the forensic chemist. *Id.* at 3. Thus in 2003, plaintiff allegedly filed a prosecutorial misconduct complaint against Betts with DOJ's Inspector General because she allegedly ignored his letter and "resigned and never provided resolution knowing that . . . cases were tainted" by the chemist's actions. *Id.* Plaintiff claims that OPR and the Office of the Inspector General have "failed to perform their statutory duties" under the Administrative Procedure Act ("APA"). *Id.* at 3-4.

The allegations notwithstanding, plaintiff seeks equitable relief in the form of "an 'expedited' hearing and [the filing of an] appropriate motion to [d]ismiss the indictment under Fed. R. Crim P. 48(a) on all remaining counts." Compl. at 5. If plaintiff were to prevail on the requested relief, his conviction could not stand. Consequently, plaintiff's claims are not "cognizable unless and until he meets the requirements of *Heck*" by having the sentence invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). "*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement

or its duration.'" *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (alterations in original)); *cf. Brown v. F.B.I.*, 793 F. Supp. 2d 368, 378 (D.D.C. 2011) (finding that "plaintiff is barred under *Heck* . . . from challenging his original criminal conviction in a civil suit under the APA) (citing *Terry v. U.S. Small Bus. Admin.*, 699 F. Supp. 2d 49, 55 (D.D.C. 2010)).

As indicated above, plaintiff's conviction and sentence have not been invalidated, and the likelihood of that occurring is close to nil. Nevertheless, this action will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: February 13, 2017